UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BANYAN STREET RISK MANAGEMENT, LLC Case no.:

Plaintiffs,

vs.

ACE AMERICAN INSURANCE COMPANY,
ARGO INSURANCE SERVICES BERMUDA, LTD.,
AXIS SURPLUS INSURANCE CORPORATION
IRONSHORE SPECIALTY INSURANCE COMPANY
CERTAIN UNDERWRITERS AT LLOYDS a/k/a LLOYDS 1-BRT 2987,
via WTW LONDON INCLUDING XL CATLIN, ARGO GLOBAL SYNDICATE 1200, HCC, BE, TAL SYNDICATE 1183, HISCOX, HAMILTON, and BRIT GLOBAL SPECIALTY,
CERTAIN UNDERWRITERS AT LLOYDS CERTAIN UNDERWRITERS AT LLOYDS a/k/a LLOYDS 2- CIN, VIA WTW LONDON INCLUDING W.R. BERKLEY, HARDY UNDERWRITING, AGORA and
TOKIO MARINE AMERICA INSURANCE COMPANY

Defendants.
___________________________________/

**COMPLAINT**

Plaintiff, BANYAN STREET RISK MANAGEMENT, LLC, file this Complaint against the Defendants, ACE AMERICAN INSURANCE COMPANY, ARGO INSURANCE SERVICES BERMUDA, LTD., AXIS SURPLUS INSURANCE CORPORATION, IRONSHORE SPECIALTY INSURANCE COMPANY, CERTAIN UNDERWRITERS AT LLOYDS a/k/a LLOYDS 1-BRT 2987, via WTW LONDON INCLUDING XL CATLIN, ARGO GLOBAL SYNDICATE 1200, HCC, BE, TAL SYNDICATE 1183, HISCOX, HAMILTON, and BRIT GLOBAL SPECIALTY ("LLOYDS 1"), CERTAIN UNDERWRITERS AT LLOYDS CERTAIN UNDERWRITERS AT LLOYDS a/k/a LLOYDS 2- CIN, VIA WTW LONDON INCLUDING

W.R. BERKLEY, HARDY UNDERWRITING, AGORA ("LLOYDS 2") and TOKIO MARINE AMERICA INSURANCE COMPANY states:

1. This is an action for damages exceeding ($75,000.00) Dollars, exclusive of interest, costs and attorneys' fees.

2. Jurisdiction is proper before this Court pursuant to 28 U.S.C. Section 1332(a) because the parties are of diverse citizenship and this is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees.

3. Plaintiff, BANYAN STREET RISK MANAGEMENT, LLC, is a limited liability company duly authorized and existing by virtue of the laws of the State of Florida with its principal place of business located at 80 SW 8th Street, Suite 2200, Miami, FL 33130.

4. Plaintiff, BANYAN STREET RISK MANAGEMENT, LLC, is the owner of the Property located at 101 E. Kennedy Blvd., Tampa, FL 33602.

5. Defendant, ACE AMERICAN INSURANCE COMPANY, was and is a foreign insurance company incorporated in Pennsylvania with its principal place of business in Pennsylvania and licensed to do business in the State of Florida.

6. Defendant, ARGO INSURANCE SERVICES BERMUDA, LTD., was and is a foreign insurance company with its principal place of business in Bermuda with offices throughout the United States and doing business in the State of Florida.

7. Defendant, AXIS SURPLUS INSURANCE COMPANY, Defendant, AXIS SURPLUS INSURANCE was and is a foreign insurance company incorporated in Illinois with its principal place of business in Illinois and licensed to do business in the State of Florida.

8. Defendant, IRONSHORE SPECIALTY INSURANCE COMPANY, was and is a foreign insurance company incorporated in Arizona with its principal place of business in Massachusetts and licensed to do business in the State of Florida.

9. Defendant, LLOYDS 1 is a foreign business entity headquartered at One Lime Street London, England, with administrative offices in the United States located at 42 West 54th Street, 14th Floor, New York, New York 10019. LLOYDS is an organization that provides insurance underwriting services and is comprised of syndicates that underwrites insurance in an insurance marketplace known as Lloyd's of London. LLOYDS is authorized to sell insurance in Florida as a surplus line basis and doing business in Hillsborough County, Florida

10. Defendant, LLOYDS 2 is a foreign business entity headquartered at One Lime Street London, England, with administrative offices in the United States located at 42 West 54th Street, 14th Floor, New York, New York 10019. LLOYDS is an organization that provides insurance underwriting services and is comprised of syndicates that underwrites insurance in an insurance marketplace known as Lloyd's of London. LLOYDS is authorized to sell insurance in Florida as a surplus line basis and doing business in Hillsborough County, Florida.

11. Defendant, TOKIO MARINE AMERICA INSURANCE COMPANY, Defendant, TOKIO MARINE AMERICAN INSURANCE COMPANY, was and is a foreign insurance company incorporated in New York with its principal place of business in New York and licensed to do business in the State of Florida.

12. Pursuant to 28 U.S.C. §1391(a), venue is proper in the Tampa Division of the United States District Court for the Middle District of Florida because the property that is the subject of this action is located in the City of Tampa, Florida.

13. The Plaintiff and Defendant, ACE AMERICAN INSURANCE COMPANY, entered into an insurance contract/policy, bearing policy number MAUD37870511 004, with effective dates of coverage of May 1, 2021, through May 1, 2022 (hereinafter "the Ace Policy"). The Ace Policy provided coverage to dwelling located at 101 E. Kennedy Blvd., Tampa, FL 33602. A copy of the Policy is attached hereto as **Exhibit "A."**

14. The Plaintiff and Defendant, ARGO INSURANCE SERVICES BERMUDA LTD., entered into an insurance contract/policy, bearing policy number P148802, with effective dates of coverage of May 1, 2021, through May 1, 2022 (hereinafter "the Argo Policy"). The Argo Policy provided coverage to dwelling located at 101 E. Kennedy Blvd., Tampa, FL 33602. A copy of the Policy is attached hereto as **Exhibit "B."**

15. The Plaintiff and Defendant, AXIS SURPLUS INSURANCE CORPORATION, entered into an insurance contract/policy, bearing policy number EAF637763-21, with effective dates of coverage of May 1, 2021, through May 1, 2022 (hereinafter "the Axis Policy"). The Axis Policy provided coverage to dwelling located at 101 E. Kennedy Blvd., Tampa, FL 33602. A copy of the Policy is attached hereto as **Exhibit "C."**

16. The Plaintiff and Defendant, IRONSHORE SPECIALTY INSURANCE CO., entered into an insurance contract/policy, bearing policy number 1000482702-01, with effective dates of coverage of May 1, 2021 through May 1, 202 (hereinafter "the Ironshore Policy"). The Ironshore Policy provided coverage to dwelling located at 101 E. Kennedy Blvd., Tampa, FL 33602. A copy of the Policy is attached hereto as **Exhibit "D."**

17. The Plaintiff and Defendant, LLOYDS 1 entered into an insurance contract/policy, bearing policy number B08116150U21, with effective dates of coverage of May 1, 2021, through May 1, 2022 (hereinafter "the Lloyds 1 Policy"). The Lloyds 1 Policy provided coverage to dwelling located at 101 E. Kennedy Blvd., Tampa, FL 33602. A copy of the Policy is attached hereto as **Exhibit "E."**

18. The Plaintiff and Defendant, LLOYDS 2entered into an insurance contract/policy, bearing policy number B080117617U21, with effective dates of coverage of May 1, 2021, through May 1, 2022 (hereinafter "the Lloyds 2 Policy"). The Lloyds 2 Policy provided coverage to

dwelling located at 101 E. Kennedy Blvd., Tampa, FL 33602. A copy of the Policy is attached hereto as **Exhibit "F."**

19. The Plaintiff and Defendant, TOKIO MARINE AMERICA INSURANCE COMPANY, entered into an insurance contract/policy, bearing policy number lcp6481000-05, with effective dates of coverage of May 1, 2021 through May 1, 202 (hereinafter "the Tokio Marine Policy"). The Tokio Marine Policy provided coverage to dwelling located at 101 E. Kennedy Blvd., Tampa, FL 33602. A copy of the Policy is attached hereto as **Exhibit "G."**

20. On or about December 6, 2021, the insured building suffered damages as a result of elevator failure and/or collapse of Elevator "J" at Bank of America Plaza Office Building located at 101 E. Kennedy Blvd., Tampa, FL 33602.

21. Plaintiff timely and appropriately reported the claim to Defendants, ACE AMERICAN INSURANCE COMPANY, ARGO INSURANCE SERVICES BERMUDA LTD, AXIS SURPLUS INSURANCE CORPORATION, IRONSHORE SPECIALTY INSURANCE COMPANY, LLOYDS 1, LLOYDS 2 and TOKIO MARINE AMERICA INSURANCE COMPANY (hereinafter collectively referred to as "the Insurance Companies"). Each of the above insurance companies agreed to insure against a loss for its proportional share.

22. The loss and damages suffered by Plaintiff was due to a covered peril under the Policies with the Insurance Companies.

23. The Insurance Companies acknowledged the claim by and through their third-party service provider Crawford Global Technical Services and assigned one claim number, 3907956.

24. The Insurance Companies accepted coverage for the loss and claim by tendering an undisputed amount of $1,124,883.09 but undervalued the damages.

25. On or about July 12, 2022, the Plaintiffs submitted Partial Proof of Losses for the undisputed payment as requested by the Insurance Companies in order to release the undisputed funds. A copy of the Proof of Losses are attached hereto as **Exhibit "H."**

26. Based upon the Insurance Company's failure to properly indemnify Plaintiff for the loss, Plaintiff disputed the scope and amount of the loss evaluated by the Insurance Companies and attempted to amicably resolve the loss and claim.

27. On September 7, 2002, the Plaintiff submitted a full and complete Proof of Loss to the Insurance Companies pursuant to the Appraisal provisions in the aforementioned Policies. A copy of the Proof of Losses are attached hereto as **Exhibit "I."**

28. The Insurance Companies failed to resolve the scope issues with Plaintiff.

29. The policies issued by the Insurance Companies contain the following Appraisal provision[1]:

> If the Insured and the Company fail to agree on the amount of loss, each will, on the written demand of either, select a competent and disinterested appraiser after:
>
> 1) The Insured has fully complied with all provisions of this Policy, including REQUIRE-MENTS IN CASE OF LOSS; and
>
> 2) The Company has received a signed and sworn proof of loss from the Insured. Each will notify the other of the appraiser selected within 20 days of such demand.
>
> APPRAISAL
> If the Insured and the Company fail to agree on the amount of loss, each will, on the written demand of either, select a competent and disinterested appraiser after:
>
> The appraisers will first select a competent and disinterested umpire. If the appraisers fail to agree upon an umpire within 30 days then, on the request of the Insured or the Company, the umpire will be selected by a judge of a court of record in the jurisdiction in which the appraisal is pending. The appraisers will then appraise the amount of loss, stating separately the actual cash value and replacement cost value as of the date of loss and the amount of loss, for each item of physical loss or damage or if, for TIME ELEMENT loss, the amount of loss for each TIME ELEMENT coverage of this Policy.

1 Each Insurance Policy contains the identical appraisal policy language excepted for Argo Policy.

If the appraisers fail to agree, they will submit their differences to the umpire. An award agreed to in writing by any two will determine the amount of loss.

The Insured and the Company will each:
1) Pay its chosen appraiser; and

2) Bear equally the other expenses of the appraisal and umpire.

A demand for APPRAISAL shall not relieve the Insured of its continuing obligation to comply with the terms and conditions of this Policy, including as provided under REQUIREMENTS IN CASE OF LOSS.

The Company will not be held to have waived any of its rights by any act relating to appraisal.

**See Exhibit "B" at Page 38 of 58.**

30. As a result of the Insurance Companies' refusal to submit the dispute as to the amount of the loss to appraisal pursuant the express terms of the Appraisal provisions, on October 31, 2022, the Plaintiff demanded appraisal. A copy of the correspondence is attached hereto as **Exhibit "J."**

31. The Insurance Companies refused or otherwise failed to comply with going forward with the appraisal process.

32. The Plaintiff has performed all conditions precedent to recovery under the Policy and to the bringing of the instant action, including but not limited to, submitting the matter to appraisal and/ or said conditions have been waived by Insurance Companies.

**COUNT I – SPECIFIC PERFORMANCE**

**(AGAINST ACE AMERICAN INSURANCE COMPANY, AXIS SURPLUS INSURANCE CORPORATION, IRONSHORE SPECIALTY INSURANCE COMPANY, LLOYDS 1, LLOYDS 2 and TOKIO MARINE AMERICA INSURANCE COMPANY)**

33. The Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

34. Defendants, ACE AMERICAN INSURANCE COMPANY, AXIS SURPLUS INSURANCE CORPORATION, IRONSHORE SPECIALTY INSURANCE COMPANY, LLOYDS 1, LLOYDS 2 and TOKIO MARINE AMERICA INSURANCE COMPANY (hereinafter collectively revered to as the ("Appraisal Insurance Company Defendants") agreed to

an appraisal process in case of a dispute over the amount of a loss.

35. As part of the Policies, the Appraisal Insurance Company Defendants provided for an appraisal process if the parties failed to agree on the amount of the damages on a covered loss. The Plaintiff is seeking to hold the Appraisal Insurance Companies Defendants on the contractual terms of the policies, to participate in the selection of an Appraiser, neutral Umpire, and fulfill its obligation under the Policies to participate in the appraisal process.

36. Prior to the filing of this lawsuit, the Plaintiff demanded appraisal of the amount of the loss pursuant to the Policies.

37. The Plaintiff is still actively seeking to compel appraisal of the amount of the loss.

38. The appraisal provisions of the Policies expressly demonstrate an intention by both the Plaintiff and the Appraisal Insurance Companies Defendants to have disputes related to scope and loss, be resolved through the appraisal process, upon either parties' demand. Plaintiff has demanded appraisal.

39. The Plaintiff is clearly entitled to an appraisal by virtue of the plain language of the Policies between the parties as this is clearly a dispute over amount and not a coverage issue.

40. In an effort to avoid litigation, the Plaintiff has timely invoked its right to an appraisal, which was rejected by the Appraisal Insurance Companies Defendants.

41. There is no specific cause of action recognized by this court to compel appraisal. Therefore, in the absence of an order granting specific performance to compel appraisal, the Plaintiff will suffer irreparable harm as it will be deprived of its contractual rights under the policy to resolve the dispute through the appraisal process.

42. The Plaintiff has a clear legal right to request the prompt restoration of its property to pre-loss condition per the terms of the Policy and its rights to resolve the dispute as to the amount of the loss through appraisal.

43. The Plaintiff has the clear legal right to enforce the terms of the Policies.

44. The Plaintiff has a substantial likelihood of success on the merits based upon the facts alleged.

45. Due to the Appraisal Insurance Companies Defendants' conduct, Plaintiff has been obligated to retain undersigned counsel to bring this action and, pursuant to Florida Statutes §627.428 and §626.9373 and others, undersigned counsel is entitled to an attorney's fee in this matter to be paid by the Appraisal Insurance Companies Defendants.

WHEREFORE, and by reason of the foregoing, the Plaintiff respectfully requests judgment and specific performance against the Appraisal Insurance Companies Defendants in the form of an Order compelling the Appraisal Insurance Companies Defendants to perform under the terms and conditions of the Policy and engage in the appraisal process as described herein and in the Policies, together with such further and additional relief that this Honorable Court deems just and appropriate, including any damages such as, but not limited to, an award of prejudgment interest on all overdue amounts, costs, and for attorneys' fees, and for all such other remedies as the Court deems just and proper under Florida law.

**COUNT II – BREACH OF CONTRACT**

**(AGAINST ACE AMERICAN INSURANCE COMPANY, AXIS SURPLUS INSURANCE CORPORATION, IRONSHORE SPECIALTY INSURANCE COMPANY, LLOYDS 1, LLOYDS 2 and TOKIO MARINE AMERICA INSURANCE COMPANY)**

46. The Plaintiff realleges paragraphs 1 through 33 and 35 as if fully set forth herein.

47. The Plaintiff and the Appraisal Insurance Companies Defendants entered into the Policies.

48. Prior to the filing of this lawsuit, the Plaintiff demanded appraisal of the amount of the loss pursuant to the Policies.

49. The Plaintiff is actively seeking to compel appraisal of the amount of the loss.

50. The Plaintiff has acknowledged the loss and coverage, but to date the Appraisal Insurance Companies Defendants failed to comply with its contractual obligations to engage in the appraisal process; nor has the Insurance Companies paid in full for the covered losses suffered by the Plaintiff.

51. The Insurance Companies breaches has caused the Plaintiff to incur economic harm, exposure to liability, and potential increased losses attributable to the delay in payment by the Appraisal Insurance Companies Defendants to the Plaintiff for the amounts owed under the Policies.

52. The Appraisal Insurance Companies Defendants failures constitutes a breach of the Policy, resulting in damages suffered by the Plaintiff.

53. Due to the Appraisal Insurance Companies Defendants' conduct, Plaintiff has been obligated to retain undersigned counsel to bring this action and, pursuant to Florida Statutes §627.428 and §629.9373 and others, undersigned counsel is entitled to an attorney's fee in this matter to be paid by the Appraisal Insurance Companies Defendants.

WHEREFORE, and by reason of the foregoing, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Appraisal Insurance Companies Defendants, for compensatory damages, pre-judgment interest, costs, and attorneys' fees, to the extent permitted under Florida law, together with such further and additional relief that this Honorable Court deems just and appropriate.

**COUNT III – DECLARATORY ACTION**

**(AGAINST ACE AMERICAN INSURANCE COMPANY, AXIS SURPLUS INSURANCE CORPORATION, IRONSHORE SPECIALTY INSURANCE COMPANY, LLOYDS 1, LLOYDS 2 and TOKIO MARINE AMERICA INSURANCE COMPANY)**

54. The Plaintiff realleges paragraphs 1 through 33 and 35 through 41 as if fully set forth herein.

55. This is an action pursuant to Chapter 86 of the Florida Statutes, for a declaration of rights and duties of parties to a contract, under that contract and under Florida law and for declaratory relief.

56. Plaintiff wants the Appraisal Insurance Company Defendants to be in compliance with the policies of insurance and does not want to be subjected to the whim of the Appraisal Insurance Company Defendants or its attorneys in regard to alleged policy interpretation and requirements.

57. At the present time, the Plaintiff is unsure of their rights, obligations, and duties of both parties under the Policies herein and Florida law, as well as the construction of same, and wish the Appraisal Insurance Company Defendants to be in compliance with same. Additionally, the Plaintiffs believe the Appraisal Insurance Company Defendants are incorrectly interpreting the Policies regarding appraisal herein and seek the Court's declaration of rights thereunder.

58. There is a bona fide, present and actual need of Plaintiff for a declaration of the aforementioned rights, and the actions of the Appraisal Insurance Company Defendants has raised doubts and insecurity about the rights of Plaintiff concerning whether they are in compliance with the terms and conditions of the Policy.

59. It is necessary in the interest of justice that the Court determines the matters herein and the interpretation of the Policies so that the Plaintiffs know how to proceed and so that Appraisal Insurance Company Defendants are required to act in accordance with the correct interpretation.

60. Pursuant to the Declaratory Judgment Statute, the Court has the jurisdiction and power to construe relations that are affected by the construction of contracts/policies of insurance and issue a declaratory decree/judgment in regard to same.

61. Accordingly, Plaintiff has filed this request for declaratory relief seeking the Court's construction of the policy of insurance, as well as Florida law, and ask that the Court retain jurisdiction of this matter thereafter, pursuant to Fla. Stat. §86.061.

WHEREFORE, Plaintiff prays (i) for a declaration of the parties' rights, duties, and obligations under the Policies of insurance on all issues in dispute as set forth above; (ii) find that the Plaintiff has properly invoked the Policies appraisal provision, entitling the resolution of the Plaintiff's claim via the appraisal process as described in the Policies (iii) retain jurisdiction to issue further awards or orders that compel/ require the participation in appraisal by the Appraisal Insurance Company Defendants; (iv) retain jurisdiction to confirm and/or enforce any appraisal award, in accordance with Florida law; (v) for an order that the court will retain jurisdiction of this matter, pursuant to Fla. Stat. §86.061 and/or during the loss payment stage so that if the claim is not paid in accord with the Insurance Company's obligations under the policies, Plaintiff may amend for the Court to assist them in obtaining damages due; (vi) for an award of reasonable attorney's fees and costs relative to the necessity of Plaintiff having to retain counsel and file the present declaratory judgment action; and (vii) for an award of such other and further relief as this Court deems just, proper and equitable.

**COUNT IV- BREACH OF CONTRACT**

**(AGAINST ARGO INSURANCE SERVICES BERMUDA LTD.)**

62. The Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

63. Despite the clear obligation to pay the Plaintiff for its entire loss, ARGO INSURANCE SERVICES BERMUDA LTD., (hereinafter "ARGO"), has still not paid Plaintiff

for the entire loss and damages covered under the Policy, and has failed and refused to make said payment(s), and thus, ARGO is in breach of the Policy.

64. The AGRO Policy provides that ARGO will "adjust all losses" with insureds. This is a specific contractual term and requirement of ARGO. ARGO failed to do so, breaching the Policy.

65. ARGO's failure to fully indemnify Plaintiff for the covered loss resulted from an insufficient/inadequate adjustment and evaluation of the damages.

66. ARGO breached the Policy by failing to fully indemnify Plaintiff for the loss and participate in appraisal.

67. The Plaintiff has been damaged monetarily in regard to the loss and damages to the insured premises and property by failure of the ARGO to comply with its contractual obligations.

68. Due to ARGO'S conduct, Plaintiff has been obligated to retain undersigned counsel to bring this action and, pursuant to Florida Statute §627.428 and §626.9373 and others, undersigned counsel is entitled to an attorney's fee in this matter to be paid by ARGO.

WHEREFORE, Plaintiff demands entry of a judgment against ARGO for its damages including refusal to participate in appraisal as pled herein, plus interest, attorney's fees, costs, and such other relief as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

69. Plaintiff hereby demands a trial by jury of all issues so triable as a matter of right.

Dated this 6th day of December, 2022.

Respectfully submitted,

/s/ Adam S. Feldman
Adam S. Feldman, Esq.
Florida Bar No. 16525
Email:

Candise L. Shanbron
Florida Bar No. 630470
cshanbron@cernitzlaw.com

CERNITZ & SHANBRON, P.A
9500 South Dadeland Blvd., Suite 350
Miami, FL 33156
Phone: (305) 370-3255
Fax: (305) 384-7033